.THE STATE ex rel. EDWIN ROSENTHAL v. RICH-ARD S. SMILEY et al., Judges of County Court, Appellants.

In Banc, July 3, 1924.

1. **OFFICE: Creation: Legislative Function: Existence Dependent Upon Discretion of County Court: County Collector: Abolition.** Only the Legislature has power to create a public office (other than a constitutional office) as an instrumentality of government, and this power it cannot delegate. The office of county counselor is a public office with governmental functions, powers and duties, such as cannot be performed by a mere administrative office, and is therefore an office which only the Legislature can create. The Legislature could not therefore delegate to county courts in counties having more than one hundred thousand inhabitants the power to create the office of county counselor, nor did it attempt to do so, but the statute itself created the office, potentially, to come into existence, actually, upon the happening of a future contingency, namely, the exercise of the power of appointment conferred by it upon the county court, and the county court having exercised the power the office came into existence, as a fixed and established office, and the discretion having been exercised could not be recalled, and the county court could not thereafter revoke such order and abolish the office, or ignore it and make another again calling the office into existence. The Legislature has no power to authorize the county court to call the office into existence and to discontinue it at pleasure, nor did it undertake to do so.

2. ———: **Terms: Fixed by First Appointment.** Where the statute (Sec. 783, R. S. 1919) authorized the county court, in its discretion, to appoint a county counselor, "who shall hold his office for two years, and until his successor is appointed, commissioned and qualified," the term consists of consecutive periods of two years, following each other in regular order, the one commencing where the other ends, the initial term commencing on the date of the appointment first made by the county court, and an appointment to fill a vacancy can only be for the unexpired portion of a term.

State ex rel. Rosenthal v. Smiley.

3. ———: ———: ———: Filling Vacancy: Ignoring Previous Order: Creating New Office and Term. On December 1st the county court, by an order entered of record, called into existence the office of county counselor and appointed a certain lawyer for a term of two years, beginning on that date. On December 13th, said appointee resigned, and on the same day the county court made another order, which in no wise referred to the previous order or the resignation of said appointee, but, ignoring it entirely, recited the fact that under the statutes the county was entitled to a county counselor and appointed relator to the office for a term of two years beginning on December 15th. *Held*, that said last order appointing relator, was a nullity, and being a nullity the succeeding county court had a right to rescind it. Said last order was an attempt to call into existence a new office of county counselor, one growing out of a new exercise of statutory discretion, and having a term different as to the dates of beginning and ending from that of the office already in existence. The court had no power in the premises except to appoint a qualified lawyer to fill the vacancy for the balance of the term fixed for two years on the date its first appointment was made on December 1st, and its second order cannot be upheld as a valid appointment of relator for the balance of the unexpired term, for the order did not attempt to fill the vacancy for the balance of that term, but created a new office and a new term with a different beginning and a different ending.

4. ———: ———: ———: ———: Wresting Order from Plain Recitals: Legerdemain of Construction. The appellate courts will not by the legerdemain of construction execute for a county court a power it failed to exercise. They will not construe an order which on its face calls into existence an office and fixes the term of its appointee to be an attempt to fill a vacancy, where the order ignores a previous order calling the office into existence and appointing an officer to fill it for a definite and different term.

5. ———: ———: Good Faith: Forestalling Appointment by Successors. The courts do not look with favor upon an order of a county court which carries on its face the appearance of not having been made in good faith and solely in the public interest. It is a rule of the common law, founded in sound public policy, that the appointing power cannot forestall the rights and prerogatives of their own successors by appointing successors to office expiring after their power to appoint has itself expired.

Headnote 1: Officers, 29 Cyc. 1368; Counties, 15 C. J. secs. 139, 143. Headnotes 2 and 3: Counties, 15 C. J. 153, 155 (1926 Anno). Headnote 4: Courts, 15 C. J. sec. 155 (1926 Anno). Headnote 4: Officers, 29 Cyc. 1373 (1926 Anno).

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

REVERSED.

*Joseph C. McAtee* for relator.

(1) A public office is defined to be a special trust or charge created by law. The act under which relator was appointed (Art. 4, chap. 6, R. S. 1919), defines 'his qualifications, duties, term and compensation, and declares that "he shall be commissioned as other officers are commissioned." This is sufficient to fix his status as a public officer. State ex rel. v. May, 106 Mo. 488; State ex rel. v. Knott, 207 Mo. 167; State ex rel. v. Morehead, 256 Mo. 683; State ex rel. v. Shannon, 133 Mo. 139; State ex rel. v. Sheppard, 192 Mo. 497. (2) Being a public officer, relator could be removed from office only for cause, after charges filed and conviction of official misconduct or neglect of duty. Secs. 9175 to 9182, R. S. 1919; Mo. Constitution, art. 14, sec. 7; State ex rel. v. Morehead, 256 Mo. 683; State ex rel. v. Sheppard, 192 Mo. 497; Gracy v. St. Louis, 213 Mo. 384; State ex rel. v. Maroney, 191 Mo. 531; Mechem on Public Officers, sec. 461; Speed v. Common Council, 97 Mich. 198; Marbury v. Madison, 1 Cranch, 137. (3) The order of the county court appointing relator county counsellor was a ministerial act, and the court had no authority, either during the same or a subsequent term, to annul, vacate or set aside said order; and if it had such power, it could only be exercised after due notice to relator. State ex rel. v. Harrison, 141 Mo. 12; Caldwell v. Lockridge, 9 Mo. 362; Price v. Johnson, 15 Mo. 433; State ex rel. v. Treasurer of Callaway Co., 43 Mo. 228; Thompson v. Petitioners, 45 Mo. 54. (4) The appointment of relator to the office of county counsellor for a term of two years was proper and legal, although another had held the office for part of a term. Where only the length of the term

is fixed by the Constitution or statutes, and neither the commencement nor termination is prescribed, and there is nothing establishing a term of office to exist between fixed dates only, nor any reference to an unexpired term, or to a vacancy in the office as distinct from the office itself, one regularly appointed thereto holds his office for the full term, and no part of a previous term during which another held the office, but who has vacated it, enters into the computation of the term for which the appointee holds. State ex inf. Hadley v. Corcoran, 206 Mo. 1; 50 L. R. A. (N. S.) 338. (5) Though the county court erred in appointing relator for a full term of two years instead of the unexpired term of Kiskaddon, this did not render the appointment void. The only effect would be to limit his term to that for which his predecessor was appointed. State ex rel. Brown v. Spitz, 127 Mo. 252.

*C. C. Wolf* and *A. E. L. Gardner* for respondent.

(1) The law is well settled that the Legislature may enact a law to become effective on the happening of a future contingency. Therefore, when the court, by its order of December 1, 1922, made its order creating the office of county counselor in St. Louis County, the office, as well as the term of two years from said date, became an existing fact, and as much so as though the office and the term thereof had been fixed by legislative enactment. Poindexter v. Pettis County, 246 S. W. 38. (2) After once creating the office of county counselor by the county court fixing the commencement of the term and fixing the salary for said term, the office cannot again be created and salary fixed for a term as of a different date. State ex rel. Withers v. Stonestreet, 99 Mo. 361; People v. Hall, 104 N. Y. 170. (3) Where the appointing officer, mistakenly supposing that such officer has power to make an appointment of a certain character or for a certain term, assumes to exercise that power and that alone, the

appointment cannot be deemed an appointment for a different character or term which such appointing officer had the power, but not the intention, to make. People v. Hall, 104 N. Y. 170; 28 Cyc. 425, 426. (4) The county court by its order made and entered on the first day of December, 1922, appointing James C. Kiskaddon to the office of the county counselor for a term of two years from said date, exhausted its statutory power to create the office, and its attempt to again create the office on December 13, 1922, was a mere nullity. State ex rel. Dome v. Wilcox, 45 Mo. 462.

RAGLAND, J.—This is an appeal from a judgment of the Circuit Court of St. Louis County quashing on *certiorari* a record and order of the county court of that county.

On December 1, 1922, and during its November term, 1922, the county court of St. Louis County made and caused to be entered on its records the following order:

"In the matter of the appointment of James C. Kiskaddon as County Counselor of St. Louis County, Missouri.

"Whereas, the County of St. Louis in the State of Missouri now contains more than one hundred thousand inhabitants, according to the last decennial census of the United States, and is therefore entitled to a county counselor, under and by virtue of Article 4 of Chapter 6 of the Revised Statutes of Missouri, 1919. The roll being called, Fred C. Stille, Judge of the First District, votes Yes; J. Wm. Shields, Judge of the Second District, votes Yes, and John Wiethaupt, Presiding Judge, votes No. It is therefore ordered by the county court of said county that James C. Kiskaddon, who is learned in the law and over twenty-five years of age, be and he is hereby appointed county counselor for the term of two years, said term to begin on the first day of December, 1922, at a salary of three thousand dollars per year, to be paid quarterly upon warrants to be issued in favor of said

Kiskaddon to the county treasurer for that purpose, and that a commission as county counselor be forthwith made, issued and delivered to said Kiskaddon.''

On the same day a commission was issued pursuant to the order and delivered to Kiskaddon, who thereupon duly qualified as county counselor by taking the oath of office. On December 13th following, Kiskaddon tendered his resignation in writing, which was duly accepted by the court. Afterward but on the same day, the county court, without referring in anyway to its previous orders appointing Kiskaddon county counselor and subsequently accepting his resignation, made and caused to be entered of record the following order:

''In the matter of the appointment of Edwin Rosenthal, as County Counselor of St. Louis County, Missouri.

''Whereas, the County of St. Louis in the State of Missouri now contains more than one hundred thousand inhabitants according to the last decennial census of the United States, and is therefore entitled to a County Counselor, under and by virtue of Article 4 of Chapter 6 of the Revised Statutes of Missouri, 1919. The roll being called, Fred C. Stille, Judge of the First District, votes Yes; J. Wm. Shields, Judge of the Second District, votes Yes, and John Wiethaupt, Presiding Judge, votes No. It is therefore ordered by the County Court of said County that Edwin Rosenthal, who is learned in law, and over twenty-five years of age, be and he is hereby appointed County Counselor for the term of two years, said term to begin on the 15th day of December, 1922, at a salary of three thousand dollars per year, to be paid quarterly upon warrants to be issued in favor of said Rosenthal to the County Treasurer for that purpose, and that a commission as County Counselor be forthwith made, issued and delivered to said Rosenthal.''

On the day that this order was made, relator, Rosenthal, was commissioned and took the oath of office. All of the judges composing the county court when the foregoing orders were made went out of office December 31,

1922, the date on which under the law their terms expired.  On the coming in of the new county court, and on January 2, 1923, the court made and had entered of record the following order:

"Now on this second day of January, 1923, being one of the days of the November Term, 1922, of the County Court of St. Louis County, it is ordered by the court of its own motion, that the order made appointing Edwin Rosenthal, County Counselor, on the 13th day of December, 1922, being one of the days of said November Term, 1922, of said court, be and the same is now hereby set aside, annulled and for naught held, said order being in words and figures as follows, to-wit:

" 'In the matter of the appointment of Edwin Rosenthal, as County Counselor of St. Louis County, Missouri.

"Whereas, the County of St. Louis in the State of Missouri, now contains more than one hundred thousand inhabitants, according to the last decennial census of the United States, and is therefore entitled to a County Counselor, under and by virtue of Article 4 of Chapter 6 of the Revised Statutes of Missouri, 1919.  The roll being called, Fred C. Stille, Judge of the First District, votes Yes; J. Wm. Shields, Judge of the Second District, votes Yes, and John Wiethaupt, Presiding Judge, votes No.  It is therefore ordered by the County Court of said County that Edwin Rosenthal, who is learned in law, and over twenty-five years of age, be and he is hereby appointed County Counselor for the term of two years, said term to begin on the 15th day of December, 1922, at a salary of three thousand dollars per year, to be paid quarterly upon warrants to be issued in favor of said Rosenthal to the County Treasurer for that purpose, and that a commission as County Counselor be forthwith made, issued and delivered to said Rosenthal.'

"And it is further ordered by the court, that the commission issued to said Edwin Rosenthal, as such County Counselor, be revoked and that the office of County Counselor be declared vacant."

This last is the record and order quashed by the circuit court.

From a memorandum filed it appears that the basis of the circuit court's ruling was substantially this: Relator, Rosenthal, having been appointed and commissioned county counselor, pursuant to the order of the county court of December 13, 1922, and having taken the oath of office, thereupon became a public officer, who could be removed only for cause, after notice, and upon a hearing. If relator's appointment was valid, the conclusion reached by the learned circuit court that he could not be removed from office by a mere rescission by the county court of its orders appointing him is no doubt sound. Whether that appointment carried with it title to the office of county counselor requires an examination of the statute creating the office, in the light of certain well recognized principles which have been established by the adjudications of analogous questions.

The statute so far as pertinent to this inquiry is as follows:

"Section 783. The county courts of all counties in this State containing one hundred thousand inhabitants or more, according to the last decennial census of the United States, and of all such counties as may hereafter contain one hundred thousand inhabitants or more, may, in their discretion, appoint and commission as other officers are commissioned by the county court, a county counselor, who shall be a person learned in the law, at least twenty-five years of age, and who shall hold his office for two years, and until his successor is appointed, commissioned and qualified: *Provided,* that in all counties containing less than one hundred thousand inhabitants the office of county counselor is hereby abolished.

"Section 784. The county counselor shall attend each and every sitting of the county court, and be present during the sitting of the same, and give his advice upon all legal questions that may arise, and assist the court in all such matters as may be referred to him;

commence, prosecute or defend, as the case may require, all civil suits or actions in which the county is interested, represent the county generally in all matters of civil law, draw all contracts relating to the business of the county, examine all abstracts for the loan of school moneys, and examine all mortgages in relation to the same, and shall give his opinion, without fee, in matters of law in which the county is interested, and in writing, when demanded, to the county court or any judge thereof, and shall perform all the duties in civil matters that have heretofore been required by law of the prosecuting attorney of such counties.

"Section 786. The county counselor shall receive for his services, to be paid out of the county treasury, a sum of money not exceeding three thousand dollars and not less than fifteen hundred dollars per year, to be fixed by such county court, and to be paid quarterly upon a warrant of the county court, issued in favor of the county counselor to the county treasurer, for that purpose."

It is well settled that only the Legislature has the power to create a public office (other than a constitutional office) as an instrumentality of government, and this power it cannot delegate. [State v. Butler, 105 Me. 91, 18 Ann. Cas. 489, note.] It must also be conceded that the office described in the statute is a public office with governmental functions, powers and duties, such as cannot be performed by a mere administrative agency, and hence an office that only the Legislature can create. The Legislature could not, therefore, delegate to county courts in counties having a population of one hundred thousand inhabitants or more the power to create the office of county counselor. It did not attempt to do so. The statute itself creates the office, potentially, to come into actuality upon the happening of a future contingency, namely, the exercise of the power of appointment conferred by it upon the county court. [State ex rel. v. Wilcox, 45 Mo. 458, 464.] When therefore the county court, on December 1, 1922, appointed Kiskaddon, the

office of county counselor of St. Louis County came into existence, as a fixed and established county office. Thereafter the only power or duty that the county court had with respect to it was to fill it by appointment whenever it became vacant. The discretion with which the court was invested under the statute to determine in the first instance whether the public interest required the appointment of a county counselor was exhausted by its first appointment. To hold otherwise would be to hold in effect that the Legislature had delegated to the county court authority to create and discontinue the office from time to time at its pleasure, and this the Legislature could not do.

It will be observed that the statute prescribes only the length of the term of the office it creates; it contains no provisions as to when the term shall commence or when it shall end; nor does it contain any reference to unexpired terms or to the filling of vacancies. Under the rule of construction applicable to such a statute which has long obtained in this State it must be held that it was the legislative intent that the "term" of the office should consist of consecutive periods of two years, following each other in regular order, the one commencing where the other ends, and that the initial term should commence on the date of the appointment first made by the county court. When the appointing power named the first incumbent it thereby as effectually fixed the dates of the beginning and termination of the initial term of the office, and of the subsequent terms as though they had been expressly prescribed by the Legislature. [State ex inf. v. Williams, 222 Mo. 268; State ex rel. v. Stonestreet, 99 Mo. 361.]

When the duration of the term is fixed, and also the beginning or ending, or both, a vacancy, if it occurs, is in the term of office as distinct from being in the office itself, and an appointment to fill such vacancy can only be for the unexpired portion. This rule, which makes for uniformity and is in consonance with the general

intent of our Constitution and legislative enactments, has had the repeated sanction of this court. [State ex rel. v. Spitz, 127 Mo. 252; State ex inf. v. Williams and State ex rel. v. Wilcox, supra.] The only case cited by relator as announcing a different rule is State v. Corcoran, 206 Mo. 1. That case, however, is readily distinguishable from those just cited. The conclusion reached in the Corcoran Case was, as the court was careful to point out, based upon the peculiar and unusual wording of the statute then under review. The statute involved in the case at bar is almost identical in content with that considered in State v. Williams, supra, where the rule of construction just stated was emphasized and followed.

On December 13, 1922, and after the resignation of Kiskaddon, there was still in existence the office of county counselor of St. Louis County, and there was a vacancy in the initial term of the office. The only power that the county court had with respect to filling that vacancy was to appoint for the unexpired term. This power it did not exercise or attempt to exercise. Instead it essayed to bring into existence a new office of county counselor, one growing out of a new exercise of statutory discretion and having a term different as to the dates of beginning and ending from that of the office already in existence. By the same *fiat* which it was thought would bring a new office into existence relator was appointed to fill it. The order of the county court just referred to in so far as it purported to bring into existence a new office, having a term different from that of the one already established, was clearly a nullity. Can the appointment of relator thereunder be upheld as a valid appointment for the unexpired term in the existing office? What the county court's purpose was in ignorthe office already established and attempting to supplant it with a new one is a fit subject for speculation. It may have thought that the means by which it could give relator a full term of office instead of a part of one. And it may be that had it known that its power was

limited to the filling of the unexpired term in the existing office, it would have appointed relator to that. What the county court would have done, however, if it had understood and appreciated the limitations on its powers, is beside the question. It is certain that it did not exercise, or attempt to exercise, the power that it did have, and this court cannot execute that power for it through the legerdemain of construction. [People v. Hall, 104 N. Y. 170.]

It may be said further that the order of December 13th, carries on its face, the circumstances considered, the appearance of not having been made in good faith and solely in the public interest. And for that reason a court of review would not be warranted in trying to give it effect by a forced construction. It is a rule of the common law, founded in sound public policy, that "the appointing power cannot forestall the rights and prerogatives of their own successors by appointing successors to office expiring after their power to appoint has itself expired." This rule the County Court of St. Louis County violated in spirit, if not in letter.

As the county court's order of December 13, 1922, was in its entirety a nullity, there seems to be no valid reason why it could not rescind its action with respect to it. The judgment of the circuit court is reversed. All concur; *David E. Blair, J.,* in result only.