THE STATE EX REL. WILFRED JONES, Appellant, v. R. S. SMILEY, GEORGE BOBRING and WILLIAM J. PREISS, Judges of County Court. —300 S. W. 459.

Court en Banc, September 27, 1927.

1. **CERTIORARI: Motion for Judgment: Admission.** By his motion for judgment on the pleadings and the return of respondents to a writ of **certiorari**, relator confesses the correctness of the orders set out in the return and the truth of all facts well pleaded therein.

2. **CERTIORARI: Judicial Act: Removal of County Counselor.** The order of the county court revoking a prior order appointing an attorney county counselor, removing him from office and revoking his commission, is a judicial act.

3. **REVISING BILL: Omitted Sections: When Repealed.** When a revising bill undertakes to revise the existing law on a given subject, and sections of the statutes relating to that subject and previously in force are omitted therefrom, such omitted sections are deemed repealed. But if the revising bill relates to a certain subject, and some sections of an existing act relating to a different subject are incorporated in the revised bill and other sections of the act are omitted therefrom, the omitted sections are not repealed. This is the general rule of statutory construction, and Sections 6606 and 6607, Revised Statutes 1889, are in harmony therewith.

4. ———: ———: **County Counselor: Revision of Act Relating to Prosecuting Attorney.** The revising bill of 1889 which undertook to revise the article of the Revised Statutes of 1879 relating solely to the offices of the Attorney-General .and prosecuting attorneys, by incorporating in the bill Sections 1, 3, 4 and 5 of the Act of 1887 relating to county counsellors, did not repeal Section 2 of said act, omitted from the revised bill. The article and the Act of 1887 related to different subjects; and though some of the sections of the act were inserted in the revised bill, omitted Section 2 of the act remained in force.

5. **COUNTY COUNSELOR: Term of Office.** As Section 2 of the Act of 1887, Laws 1887, page 130, is still a valid and existing law, and declared that the county court might appoint a county counselor, who should hold his office for two years, and that, upon his appointment, he should immediately enter upon the discharge of his duties and hold the office "until the first day of January, 1889, and thereafter a successor shall be appointed, who shall hold his office" for two years, the county court had the right, in January, 1925, to appoint a county counselor, for a term of two years thereafter; and an order, made on December 15, 1924, appointing another, to fill a vacancy, in so far as it attempted to extend his tenure beyond January 1, 1925, was in excess of the court's authority, and to that extent the county court had full authority to set it aside in January; but the order made in January had no retroactive operation, and the order made in December, being to fill a vacancy, was valid until set aside in January. Although the first appointment of county counselor was made on December 15th, the term of two years does not begin on December 15th, but the said Section 2 makes it begin in January, and authorizes the county to make an appointment in January.

---

Corpus Juris-Cyc. References: **Certiorari,** 11 C. J., Section 277, p. 180, n. 77; **Counties,** 15 C. J., Section 143, p. 486, n. 92; Section 153, p. 492, n. 16. **Statutes,** 36 Cyc., p. 1081, n. 53.

Appeal from Circuit Court of St. Louis County.—*Hon. J. W. Mc-Elhinney,* Judge.

AFFIRMED.

*James Booth* for appellant.

(1)   The office of county counselor is a public office and one holding it a public state officer.   Dillon on Mun. Corp. (4 Ed.) 99, sec. 58; State ex rel. Rosenthal v. Smiley, 263 S. W. 825; State ex rel. v. Moorehead, 256 Mo. 683; State ex rel. v. Shepherd, 192 Mo. 497; State ex rel. v. Dierberger, 90 Mo. 365; Secs. 736-784, R. S. 1919. (2)   Relator having been duly appointed to the office of county counselor for a term that existed in law and at a time when the appointment could be made and having qualified and assumed the office could only be removed by a proceeding under the statutes providing for the removal of public officials.   State ex rel. v. Moorehead, 256 Mo. 683; State ex rel. Davidson v. Caldwell, 276 S. W. 631; State ex rel. v. Maroney, 191 Mo. 531; Gracy v. St. Louis, 213 Mo. 384; Meacham on Public Officers, sec. 461; Throop on Public Officers, p. 349, sec. 349; Sec. 9175, R. S. 1919. (3)   When the appointing power has been exercised by the county court to fill the office of county counselor it has no further power to rescind or revoke the appointment and any attempt to do so is invalid.   Throop on Public Officers, supra; Thompson v. Petitioners, 45 Mo. 54; Sturgeon v. Hampton, 88 Mo. 208; State ex rel. v. Shortridge, 56 Mo. 126; State v. Oliver, 208 S. W. 112; Mead v. Jasper County, 266 S. W. 467; State v. Morgan, 144 Mo. 40. (4)   The appointment of relator by the county court on December 15, 1924, after the Kiskaddon term had expired, was not void "as carrying on its face the circumstances considered, the appearance of not having been made in good faith and solely in the public interest," and such appointment was not under the circumstances for the purpose of "forestalling the rights and prerogatives of their own successors" by appointing relator to an office the term of which expired after their power to appoint has itself expired.   The county court, which appointed relator county counselor, had between December 1 and December 31, 1924, inclusive, in which to fill the office of county counselor by appointment, and their act in doing so has express legislative approval.   Secs. 782, 2692, 2374, R. S. 1919; 28 Cyc. 483 (note 11). (5)   A statute must not be construed so as to involve an absurdity.   State v. Bixman, 162 Mo. 1; Cit. Nat. Bank v. Graham, 147 Mo. 250; Heman Const. Co. v. Loevy, 179 Mo. 455. (6)   In interpreting a statute the consequences must be considered.   Steppacher v. McClure, 75 Mo. App. 135. (7)   The very highest evidence of the public policy of a State is its statutory law.   Moorehead v. United Rys. Co., 119 Mo. App. 541. (8)   When the county court appointed Kiskaddon county counselor on December 1, 1922, that appointment, being the first one made, fixed the beginning of the term of that office as of December 1.   State ex rel. Rosenthal v. Smiley, supra. (9)   The term of office beginning December 1

would, of course, expire on December 1 two calendar years thereafter, the rule being to exclude the first ·day and to count the last day in computing the time. R. S. 1919, sec. 7058; State ex rel. v. Stonestreet, 99 Mo. 361; State ex rel. v. Perkins, 139 Mo. 106.

*A. E. L. Gardner, Henry Higginbotham* and *John A. Nolan* for respondents.

(1) The action of the county court in making the order of December 15, 1924, two weeks before the members of the new county court were to take office, appointing relator to the office of county counselor, was and is void, because it was contrary to public policy in that, the circumstances considered, and the whole record considered, it was done in bad faith and not solely in the interest of the public and with a desire to forestall the prerogatives of their successors in office. State ex rel. Rosenthal v. Smiley, 263 S. W. 825. (2) The appointment of said Jones (a) was for a term which did not exist in law, and (b) there was no vacancy in the office of county counselor at the time the order was made, and (c) even if there had been a vacancy, the appointment should have been for the balance of the unexpired term, ending two years from the first day of January, 1923. Laws 1887, pp. 129-131; R. S. 1889, secs. 674-677; R. S. 1899, secs. 4987-4990; Laws 1901, p. 149. (3) In the interpretation of statutes, clauses or sections or parts of a statute which have been repealed or which have expired may still be considered in construing the provisions which are still in force. Sales v. Barber Asphalt Paving Co., 166 Mo. 678; State v. Bengsch, 170 Mo. 108; State ex rel. v. Davis, 284 S. W. 470; Ex parte Crow Dog, 109 U. S. 556; Viterbo v. Friedlander, 120 U. S. 725; Bank v. Collector, 3 Wall. 495. (4) The revision of a law does not have the effect of making the revised law entirely original so as to be construed as though none of its provisions had any effect but from the date of the revised law. Where a former provision is continued in a revised law it operates only as a continuance of its existence and not as an original act. This rule is peculiarly applicable when the revised law, as in the revised bill of 1889, refers to the original, repeated *in haec verba*, and refers to the original "Laws 1887, p. 130." St. Louis v. Alexander, 23 Mo. 509; City Cape Girardeau v. Riley, 52 Mo. 428; Dart v. Bagley, 110 Mo. 52; State ex rel. v. Stone, 152 Mo. 202; Paddock v. Mo. Pac. Ry., 155 Mo. 524; Timson v. Coal Co., 220 Mo. 580; Belfast Inv. Co. v. Curry, 264 Mo. 483; Secs. 6606, 6607, R. S. 1889; United States v. Lecher, 134 U. S. 624. (5) Where the Legislature has fixed the date of the commencement of the first appointee's official term, such initial point, being once made sure and steadfast, would recur at every corresponding period of two years. State ex. rel. v. Stonestreet, 99 Mo. 361; State ex inf. v. Williams, 222 Mo. 268. (6) The revised bill of June 1, 1889, merely carrying forward four of the seven sections or parts of the

Act of 1887, did not have the effect of repealing the omitted sections or parts of the Act of 1887. State ex rel. v. Patterson, 207 Mo. 129; State ex inf. v. Amick, 247 Mo. 271; State ex rel. v. Davis, 284 S. W. 470.

BLAIR, J.—*Certiorari* issued out of the Circuit Court of St. Louis County to the judges of the county court of said county. On final hearing there, the writ was quashed and relator in that court was granted an appeal to this court. We will likewise refer to him as "relator" to avoid confusion.

On March 18, 1925, relator filed his petition in the Circuit Court of St. Louis County praying for a writ of *certiorari*. In said petition it was alleged that relator was duly appointed and thereafter qualified as county counselor of St. Louis County, on December 18, 1924, pursuant to an order of the county court of December 15, 1924; that thereafter, on January 3, 1925, and without notice to relator, respondents made an order setting aside said order of December 15, 1924, in a wrongful and illegal attempt to deprive relator of his office as county counselor, and that respondents were refusing to permit relator to serve as such county counselor and to perform the duties thereof, although he was ready, willing and qualified to perform such duties. It was further alleged that the respondents made an order on January 3, 1925, appointing John A. Nolan as county counselor for the remainder of the term expiring November 30, 1926.

It is alleged that the action of respondents in making the order of January 3, 1925, was in violation of Section 5, Article XIV, of the Missouri Constitution, and Article II, Chapter 77, Revised Statutes of Missouri for 1919, in that "no proceedings had been filed against him seeking his removal from said office on any charges or pretended charges affecting his right to hold said office, and that said orders of respondents or said court made on the 3rd day of January, 1924 (1925), are arbitrary, illegal, void and of no effect in law, and are in violation of the rights and interests of your relator."

It is alleged that said orders were final and that relator had no remedy by appeal, but that *certiorari* was his only remedy. Relator therefore prayed the court to issue its writ of *certiorari* to bring up the records of respondents and that upon review the said two orders of January 3, 1925, be declared void and of no effect. The writ issued. Thereafter respondents filed their demurrer to the petition and also filed their motion to quash the writ. Upon hearing the trial court sustained both motions. Thereafter, on motion of relator, the trial court set aside its orders sustaining the demurrer to the petition and the motion to quash the writ and such demurrer and motion to quash were thereupon overruled.

Thereafter respondents filed their return. Certified copies of the following proceedings were included therein, to-wit:

Order of December 1, 1922, putting the office of county counselor into effect in St. Louis County and appointing James C. Kiskaddon as such county counselor, fixing his term of office at two years from December 1, 1922, and providing for a salary of $3,000 per annum, payable quarterly.

Order of December 13, 1922, accepting the resignation of James C. Kiskaddon as county counselor.

Order of December 13, 1922, purporting to establish the office of county counselor in said county and appointing Edwin Rosenthal thereto for a term of two years from December 15, 1922, fixing his salary, etc.

Order of January 2, 1923, setting aside the order of December 15, 1922, appointing Edwin Rosenthal as county counselor. This order revoked his commission as such.

Order of January 29, 1923, appointing C. C. Wolff as county counselor for a term of two years, ending December 1, 1924, to fill the unexpired term of James C. Kiskaddon, resigned.

Order of December 15, 1924, reciting the expiration of the term of C. C. Wolff as county counselor and appointing relator, Wilfred Jones, as county counselor for a term ending December 1, 1926.

Order of January 3, 1925, which, omitting caption and signature, we quote in full:

"Whereas, by an order entered by the county court of this county on the 15th day of December, 1924, the said court, as then constituted, attempted to appoint a county counselor for a term ending December 1, 1926, and whereas, the date for the beginning of the first term of office of county counselor in this county was definitely established as of December 1, 1922, and expiring on November 30, 1924, and each succeeding term, therefore, must and does begin on the first day of December and must and does end on the 30th day of November, and whereas, the Supreme Court of Missouri has held that this court is without power to alter or change the time of the beginning or ending of said term of office, and whereas, the Supreme Court of Missouri has upheld the common-law rule that an order made by appointing powers just prior to the expiration of their term in order to forestall the rights and prerogatives of their successors, carries on its face the appearance of not having been made in good faith and solely in the public interest, and is therefore against public policy, and whereas, it is the earnest desire of this court as now constituted to strictly comply with the letter and spirit of the law as declared by the Supreme Court pertaining to the office of county counselor. Motion by William J. Preiss, Associate Judge 1st District that the order heretofore made on December 15, 1924, appointing Wilfred

Jones as county counselor, be set aside, annulled, and for naught held; motion seconded by George H. Bobring, Associate Judge 2nd District. Roll call: Judge Preiss votes yes; Judge Bobring votes yes; and Judge Smiley votes no. Now, therefore, on this 3rd day of January, 1925, being one of the days of the November term, 1924, of the County Court of St. Louis County, it is ordered by the court of its own motion that the void order heretofore made by this court purporting to appoint Wilfred Jones county counselor, on the 15th day of December, 1924, being one of the days of said November term, 1924, of said court, be and the same is now hereby set aside, annulled, and for naught held, for the following reasons, among others, to-wit:

"First, because said order carries on its face evidence of not having been made in good faith and solely in the interest of the public and violates a rule of sound public policy.

"Second, because this court was without power to appoint a county counselor for a term ending December 1, 1926, as said order attempted to do.

"Third, because this court was without power to make any order appointing a county counselor except for the balance of the unexpired term ending November 30, 1926.

"Fourth, because said order on its face is an attempt to bring into existence a term of office for county counselor different as to the dates of beginning and ending from that theretofore established and in effect in this county.

"Fifth, because said order on its face omitted to state when said term of office began.

"And it is further ordered by the court that the commission issued to said Wilfred Jones as such county counselor be and the same is hereby revoked."

The last order included in said return of respondents was an order made on the same day (January 3, 1925), appointing John A. Nolan as county counselor to fill the vacancy in the unexpired term ending November 30, 1926.

Having made such return, respondents asked leave to file motion to quash the writ and prayed that the record of the county court be permitted to stand firm and effectual.

Thereupon relator filed his motion for judgment on the pleadings and the return of respondents, and renewed his prayer that the order of respondents of January 3, 1925, attempting to set aside the order of December 15, 1924, and to revoke the appointment of relator as county counselor and to declare the office vacant and to fill said office by appointment, be declared void, invalid and of no effect. By said motion, relator confessed the correctness of the orders set out in respondents' return and the truth of all facts well pleaded therein.

Thereafter the trial court overruled relator's motion for judgment on the pleadings and quashed its writ of *certiorari* and taxed the costs to relator. Thereupon and in due time, relator filed his motion for rehearing and new trial, which was by the court overruled. Thereafter relator was granted an appeal to this court.

Appellant (relator) asserts and respondents concede that the act of respondents, in making the order of January 3, 1925, aforesaid, was in the nature of a judicial act and that *certiorari* is the proper remedy.

As appears from the previous orders made by the County Court of St. Louis County on and since December 1, 1922, the tenure and incumbency of the office of county counselor in St. Louis County have furnished a fruitful field for controversy. The office was first made effective in St. Louis County on December 1, 1922, when Mr. Kiskaddon was appointed. He served only a few days and resigned and the same court which had appointed him undertook, on December 13, 1922, to make another order putting the office of county counselor into effect in St. Louis County and appointing Mr. Rosenthal as such counselor for a term of two years, beginning December 15, 1922. When the new county court came into office, on January 2, 1923, it made an order setting aside the order appointing Rosenthal, made at a previous day of the same term, and declared the office vacant. On January 29, 1923, Mr. Wolff was appointed county counselor to fill the unexpired term of Kiskaddon, ending, as stated in the order, on December 1, 1924.

Thereupon Rosenthal procured a writ of *certiorari* from the Circuit Court of St. Louis County where, after a hearing, the record of the county court of said county, vacating the order of December 15, 1922, and appointing Wolff as county counselor, was quashed. Upon appeal to this court, the judgment of the circuit court was reversed. [State ex rel. Rosenthal v. Smiley, 304 Mo. 549, 263 S. W. 825.]

The County Counselor Act was passed in 1887 and is found in the Session Acts of that year at pages 129 to 131, inclusive. The original act was in seven sections. Section 1 provided for the appointment of a county counselor in counties containing seventy-five thousand inhabitants or more, who should hold his office for two years and until his successor should be appointed and qualified. Section 2 was as follows:

"Immediately upon the going into effect of this act the county court of such county may, in their discretion, appoint a county counselor, who shall enter upon the discharge of his duties at once, and shall discharge the duties of said office until the first day of January, 1889, and until his successor is duly appointed and qualified, and

thereafter a successor shall be appointed, who shall hold his office as is provided in section one of this act."

Section 3 defined the duties of county counselor. Section 4 related to the duties of the prosecuting attorney in a county where a county counselor has been appointed. Section 5 provided for the salary of the county counselor and the manner of payment thereof. Section 6 repealed inconsistent acts and parts of acts, and Section 7 was the emergency clause.

At the revision session of the General Assembly in 1889 there was passed a revising bill entitled, "An Act to revise and amend Articles I and II of Chapter 9 of the Revised Statutes of Missouri of 1879, entitled 'Of Attorney-General and Prosecuting Attorneys,' and the amendatory acts thereto." This act was not published in the 1889 Session Acts. It will be noted that it did not purport to revise the County Counselor Act of 1887 at all.

In so far as the form of Article II, relating to prosecuting attorneys, is concerned, the 1889 Revising Acts had the following effect: Of the sections from 507 to 532 of Revised Statutes of 1879, it amended Sections 507, 512, 513 (previously amended in 1881), 514, 515, 516, 518 and 532, and left the other sections just as they were in the 1879 Revised Statutes. The revising act then added the amendments (except the 1881 amendment to section 513 above mentioned) for the years 1881, 1883, 1885 and 1887, and designated the same as Section 532A to 532R, inclusive. It then took Sections 1, 3, 4 and 5 of the 1887 County Counselor Act (Laws 1887, pp. 129 to 131), not referred to at all in the title to said revising act, and numbered them as Sections 532S, 532U, 532V and 532W and added them at the end of the article on prosecuting attorneys.

A comparison of Sections 674, 675, 676 and 677, Revised Statutes 1889 (which section numbers were given to Sections 532S, 532U, 532V and 532W of the 1889 Revising Act), with Sections 1, 3, 4 and 5 of the 1887 Act, will show that the corresponding sections are in identical language. In fact, said sections, as they appear in the 1889 Revised Statutes, refer directly to Laws of 1887, page 130, for their origin.

Said Sections 1, 3, 4 and 5 of the 1887 Act have been carried forward in subsequent revisions and appear in Revised Statutes for 1919 as Article IV, Chapter 6, entitled "County Counselors," and there comprise Sections 783 to 786, inclusive. The only amendment occurred in 1901 (Laws 1901, p. 49) when the required population to authorize the appointment of the county counselor was raised to one hundred thousand or more.

The 1889 Revising Act made no mention whatever of Sections 2, 6 and 7 of the 1887 County Counselor Act. The reason for the omission of Sections 6 and 7 is obvious, since they had served their pur-

pose; but the reason for the omission of Section 2, which defined the term of office provided for in Section 1, is not apparent. There was no Section 532T in said revising act. The General Assembly of 1889 had the undoubted power to repeal said Section 2. It did not do so either expressly or by implication through the enactment of any provision in conflict with or inconsistent with said Section 2. If it did repeal said Section 2, it was merely because said section was not carried forward in the 1889 Revising Act.

Appellant contends that act had the effect of repealing said Section 2. Respondents contend that it had no such effect.

Article V, Chapter 98, of the 1889 Revised Statutes deals with the taking effect, etc., of the Revised Statutes of 1889. Section 6606 thereof was as follows:

"All acts of a general nature, revised and amended and reenacted at the present session of the General Assembly, as soon as such acts shall take effect, shall be taken and construed as repealing all prior laws relating to the same subject; but the provisions of the Revised Statutes, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws, and not as new enactments."

Section 6607, Revised Statutes 1889, was as follows:

"All acts or parts of acts of a general nature in force at the commencement of the present session of the General Assembly, and not repealed, shall be and the same are hereby continued in full force and effect, unless the same be repugnant to the acts passed or revised at the present session."

The 1889 Act purported to revise Articles I and II of Chapter 9 of the 1879 Revised Statutes. These articles dealt solely with the offices of attorney-general and prosecuting attorney respectively. Hence the provisions of the 1887 County Counselor Act, which were not added to the chapter on attorneys-general and prosecuting attorneys and which did not relate to those offices, were not repealed under the provisions of Section 6606, Revised Statutes 1889.

Said section merely states the general rule of statutory construction that, when a revising bill undertakes to revise the law upon a given subject and sections of statutes relating to that subject and previously in force are omitted from such revising bill, such omitted sections are deemed to be repealed. [State v. Crane, 202 Mo. l. c. 81; State ex rel. Gaston v. Shields, 230 Mo. l. c. 102; Gregory v. Kansas City, 244 Mo. l. c. 546.] As the 1889 Revising Act purported only to revise the articles on attorneys-general and prosecuting attorneys, failure to embody Section 2 of Laws of 1887, pages 129 to 131, in said revising bill, when Sections 1, 3, 4 and 5 were so embodied, does not constitute a repeal of said Section 2 either under general rules of statutory construction or under the specific terms of Section 6606, Revised Statutes 1889.

Nor was said Section 2, Laws of 1887, pages 129-131, repealed under the provisions of Section 6607 above quoted, which are likewise in harmony with general rules of statutory construction. Said section was a part of an act of a general nature. It was in force at the commencement of the session of the General Assembly of 1889. It was neither repugnant to any provision of the Act of 1889 revising the Attorney-General and Prosecuting Attorney Acts nor to any other act passed or revised at the 1889 session of the General Assembly.

Precedent for the foregoing conclusion is found in the case of State ex rel. Wagner v. Patterson, 207 Mo. 129, 105 S. W. 1048, which was decided by this court, en Banc, in 1907. The facts were almost the same as those in the case at bar. That case is also similar to the case at bar, in that it considers the effect of a revising act of 1889 on provisions of an act of 1887, omitted in such 1889 Revising Act.

The 1865 and 1875 Constitutions provided that a vacancy in the office of sheriff should be filled by the county court. If such vacancy occurs more than nine months before the time of the general election, the county court shall order a special election to fill the vacancy, etc.

The General Assembly passed no act providing election machinery for a special election to fill a vacancy in the office of sheriff until 1887. [Laws 1887, p. 281.] At that time an act in five sections was passed. Section 1 provided that, whenever a vacancy occurred in the office of sheriff nine months prior to the general election, the county court of such county "shall immediately order that a special election be held to fill such vacancy." Section 2 was as follows:

"Such election shall be held within thirty days after the vacancy occurs, and the county court shall cause notice of the same to be published in some newspaper published within the county, and if there should be no newspaper published in said county, shall then give notice, by ten written handbills, posted up in ten of the most public places in the county, for twenty days prior to the day of holding such election."

Section 3 was as follows:

"Upon the occurrence of such vacancy, it shall be the duty of the presiding justice of the county court, if such court be not then in session, to call a special term thereof, and cause said election to be held in pursuance of the provisions of this act, and the election laws regulating general elections in this State."

Section 4 provided that the county court should have power to fill the vacancy in the office of sheriff until the person chosen at such special election should be duly elected and qualified. Section 5 merely repealed inconsistent provisions.

In 1865, the General Assembly had passed an act providing how writs might be served in the event of a vacancy in the office of sheriff.

That act made no provision for filling the vacancy in the office of sheriff and did not relate to that subject. Said act was carried into the 1879 Revised Statutes as Section 3893. Said Section 3893, Revised Statutes 1879, was amended and revised in 1889 and became Section 8187, Revised Statutes 1889. Such revising act took the provisions of Sections 1 and 4 of Laws of 1887, page 281, and added them to Section 3893, Revised Statutes 1879, in making new Section 8187, Revised Statutes 1889. Sections 2 and 3 of the Laws of 1887 were entirely omitted from such revising act and were not incorporated in any other revising act.

This court in the Patterson case considered whether said Sections 2 and 3 of the 1887 Act were repealed by the act revising Section 3893, Revised Statutes 1879, or remained as valid laws. It was held that said Sections 2 and 3 were not so repealed and did in fact remain in full force and vigor. WOODSON, J., with the full concurrence of all of the judges, among whom were numbered some of the greatest jurists who ever adorned this bench, said: .

"Counsel for relators contend that said act is still in full force and effect, except in so far as Sections One and Four thereof are amended by Section 8187, Revised Statutes 1889, which is the same as Section 10048, Revised Statutes 1899. While upon the other hand, the respondents contend that the entire Act of 1887 is repealed in express terms by Section 6606, before mentioned. The basis for this last contention is, that the Legislature amended Sections One and Four of the Act of 1887 and for that reason the entire act comes within the meaning of said Section 6606, which is as follows:

" 'All *acts* of a general nature, *revised and amended and re-enacted* at the present session of the General Assembly, as soon as such acts shall take effect, shall be taken and construed as repealing all prior laws *relating* to the *same subject.*'

"Counsel for respondents concede that the Act of 1887 is not repealed by implication, and in that concession we concur, as hereinafter stated; but they base their contention upon a repeal of the act in express terms.

"Now, let us analyze Section 6606, and ascertain its real meaning. To what act does it refer? 'All *acts* of a general nature, *revised, and amended and re-enacted* at the present session,' etc., shall be repealed. Was the Act of 1887 *revised and amended and re-enacted?* It should be noticed that the section does not provide that all *acts and parts of acts,* which are the general and usual words employed when the entire act is intended to be repealed, but uses the word *acts,* which clearly means the whole or entire act, and not mere *parts of an act.*

"Again, was the entire act revised and amended and re-enacted? A glance at the Act of 1887 and to Section 10048, Revised Statutes

1899, will show that it only amends Sections One and Four thereof, and in no manner mentions Sections Two and Three of the act, which exclusively provide for the manner and means of holding the special election to fill the vacancy.

"And if it had been the purpose and intention of the Legislature to include the entire Act of 1887 in Section 6606, and not simply Sections One and Four thereof, then why did the Legislature in the very same session *revise and amend and re-enact* those two sections which expressly command the county court, when the vacancy occurs nine months before the general election, to 'immediately order a special election to fill the same?'

"What would be the sense or object of the Legislature, in one breath, to command the county court to immediately order a special election to fill the vacancy, and in the very next breath repeal the only law on the statute books under which it was possible to hold the election? To place such a construction upon Section 6606 would be convicting the Legislature of doing a vain and foolish thing. It defeats the very object and purpose it had in amending Sections One and Four of the act. . . .

"The language of Section 6606 is no broader nor more comprehensive in its scope than the rule of construction many times enunciated by this court to govern in the construction of an act where the whole subject-matter of a previous law is covered by a later act.

"That rule is, a statute is impliedly repealed by a subsequent one revising the *whole subject-matter* of the first, and intending to substitute the latter for the former. [State to use v. Hickman, 84 Mo. l. c. 79; State v. Roller, 77 Mo. l. c. 129; Smith v. State, 14 Mo. 152; State v. Summers, 142 Mo. l. c. 595; Meriwether v. Love, 167 Mo. l. c. 521.]

"But whoever before heard that the amendment or repeal of one or more sections of a statute repealed the entire chapter upon the subject-matter, and especially where the principal amendment consists of a re-enactment of the sections amended, and not their repeal?

"There is nothing inconsistent in the two acts, and as was said by this court in the case of State ex rel. Folk v. Spencer, 164 Mo. l. c. 54: 'If two statutes can be read together without contradiction or repugnancy or absurdity or unreasonableness, they should be read together and effect given to both; and a later will not repeal a prior one unless there is such repugnancy between them that the two cannot stand together or be consistently reconciled.'

"The rule just announced is the same one this court applies to repeals and amendments by general revision bills, and cite the same class of authorities in support thereof. [Yall v. Gillham, 187 Mo. l. c. 405; Kern v. Legion of Honor, 167 Mo. 471.]

"But it is contended by learned counsel for respondents that the rule governing repeals by implication has no application to Section 6606, and that it repeals, if at all, the Act of 1887, by express terms. In answer to that contention, it may be stated that in one sense that is true, but in another it is not true. In: the sense in which respondents' counsel treats the matter, the act is repealed, if at all, in express terms; that is, if Section 6606, Revised Statutes 1889, refers to and includes all the Act of 1887, including the sections 'not mentioned, then it. is repealed by express terms; but if it does not include Sections Two and Three of the Act of 1887, in the sense in which we have indicated, then it does not repeal the act at all.

"We are, therefore, of. the opinion that those sections were not repealed but are still in full force and effect." (Italics were used in the opinion.)

The Patterson case, from which we have just quoted at length, has never been overruled or criticized.

It was apparently the policy of the General Assembly in enacting Laws of 1887, pages 129 to 131, to enable a county court, entitled to the benefits of said act, to be advised by a county counselor of its own choosing and not by one foisted upon it by an outgoing and possibly unfriendly county court. The construction put upon Section 783, Revised Statutes 1919, by this court in the Rosenthal case (304 Mo. 549, 263 S. W. 825), made that undesirable situation possible in holding that the term of office of the County Counselor in St.. Louis County commenced December 1, 1922, and continued for a term of two years therefrom instead of continuing until January 1, 1923, followed by successive terms of two years, beginning on January 1, 1923..

In deciding the Rosenthal case only Sections 783, 784 and 786, Revised. Statutes 1919, which correspond to Sections 1,. 3 and 5 of Laws of 1887, pages 129 to 131, were considered. On page 558 (304 Mo.) it was said:

"It will be observed that the statute prescribes only the length of the term of the office it creates; it contains no provisions as to when the term shall commence or when. it shall end; nor does it contain any reference to unexpired terms or to the filling of vacancies. Under the rule of construction applicable to such a statute which has long obtained in this State it must be held that it was the legislative intent that the 'term' of the office should consist of consecutive periods of two years, following each other in regular order, the one commencing where the other ends, and that the initial term should commence on the date of the appointment first made by the county court. When the appointing power named the first incumbent it thereby as effectually fixed the dates of the beginning and termination of the initial term of the office, and of the subsequent terms as though they

had been expressly prescribed by the Legislature. [State ex inf. v. Williams, 222 Mo. 268; State ex rel. v. Stonestreet, 99 Mo. 361.]''

Since the Rosenthal case was decided, able and industrious counsel have discovered that Section 2 of the 1887 Act was omitted in the 1889 Revising Act. · Had that section been called to the attention of the court and had its effect been fully considered in the Rosenthal case, the judges then comprising this court certainly would not have held that the appointment of the County Counselor of St. Louis County on December 1, 1922, made the commencement date of succeeding terms the first day of December in each second year thereafter.

The right result was reached in the Rosenthal case in ruling that the new county court, coming into office on January 1, 1923, could appoint a county counselor. The opinion was in error, however (as we now see in view of Sec. 2, Laws 1887, p. 130, which was not repealed by the Revising Act of 1889), in holding that the term of office of the County Counselor of St. Louis County then established and which began on December 1, 1922, continued for two years thereafter.

In construing only Sections 783, 784 and 786, Revised Statutes 1919, the opinion in the Rosenthal case was eminently correct. The existence of Section 2, Laws of 1887, page 130, as a valid and existing statute, was not suggested by counsel for either party, and certainly was not known to counsel contending for the validity of the order of the county court made January 2, 1923, else its existence would have been suggested. The judges of this court have enough to do without tracing the origin and subsequent history of statutes presented for construction, when no question concerning such origin and history is presented by counsel.

As Section 2, Laws 1887, page 130, is still a valid and existing law and fixes the term of the office of County Counselor of St. Louis County, to which office the respondents had the right, in January, 1925, to appoint a county counselor, for a term of two years, beginning January 1, 1925, the order of respondents on January 3, 1925, appointing John A. Nolan as County Counselor for St. Louis County was a valid and lawful order and the trial court very properly refused to quash such order.

The order made December 15, 1924, was in excess of the authority of respondents' predecessors in office in so far as said order undertook to appoint a county counselor to hold office after January 1, 1925, and to that extent respondents had full power to set it aside. Treated as an appointment to fill a vacancy for the remainder of the term of the office of county counselor expiring January 1, 1925, the order of December 15, 1924, was valid and authorized relator to hold the office, discharge its duties and enjoy its emoluments until respondents entered their order of January 3, 1925, appointing Mr. Nolan as County Counselor. While respondents characterized the order of

317 Mo. Sup.—82.

December 15, 1924, as entirely void, the effect of their order of January 3, 1925, was prospective merely and not retroactive.

. The trial court reached the right result in quashing its writ of *certiorari* previously issued. Its judgment is accordingly affirmed. **All** concur.