**STATE ex rel. Earl K. CULLOM, Relator, Appellant,**

v.

**John B. BECKER, Orville W. Gerken, Glen Goellner, Robert V. Niedner and Fred W. Tainter, Respondents.**

No. 29880.

St. Louis Court of Appeals.

Missouri.

Sept. 3, 1957.

William Waye, Jr., St. Charles, for appellant.

Andrew H. McColloch, St. Charles, for respondents.

HOUSER, Commissioner.

Acting under Zoning Ordinance No. 2529 of the City of St. Charles Earl K. Cullom applied to the building commissioner for a certificate of occupancy for a non-conforming use of certain real estate for multiple-family purposes in a single-family zone. The building commissioner denied the application. Cullom appealed from the action of the commissioner to the board of adjustment. Following a public hearing the board passed a resolution denying Cullom's appeal and sustaining the decision of the commissioner. Cullom filed a petition for a writ of certiorari in the Circuit Court of St. Charles County to review the order of the board. The writ issued. Respondents, members of the board, filed a return and deposited in the registry of the court all records and papers relating to the proceedings. Respondents filed a motion to quash the writ on the ground that relator Cullom did not take a proper appeal from the decision of the commissioner to the board; that the commissioner's decision was final and binding and that there was nothing for certification to the circuit court. Relator filed a motion for judgment on the pleadings and to quash the record of the board of adjustment alleging that the action of the board was null and void; that respondents' return shows that the original application to the commissioner was never acted upon by him; that there was nothing from which to appeal; that in fact no appeal was taken from the purported action of the commissioner; that the action of the board in pur-

porting to deny the appeal was a nullity and that respondents failed to keep a record of the testimony at the hearing, the objections thereto and rulings thereon, as required by § 89.080.[1] The motion for judgment on the pleadings further attacked the record on the ground that respondents' action constituted an ex post facto ruling, deprived relator of his property without due process of law and took or damaged his property without just compensation, and assailed the zoning ordinance on the ground that it was unconstitutional and invalid because in conflict with state zoning laws. The circuit court entered the following judgment:

"Now on this 4th day of October, 1955, this cause is again called by the Court and Respondents' Motion to Quash Writ of Certiorari having heretofore been presented and argued before the Court and Relator's Motion for Judgment on the Pleadings having heretofore been presented and argued before the Court and leave having heretofore been granted to Relator and Respondents to file briefs herein and briefs having heretofore been submitted by counsel for Relator and counsel for Respondents, and the Court having considered the pleadings, motions, arguments and briefs and now being fully advised with reference to the matters thereof, does adjudge and decree as follows:

"1. The Motion of Respondents to Quash Writ of Certiorari is overruled.

"2. Relator's Motion for Judgment on Pleadings is overruled."

No other or further judgment entry was made. Relator filed a motion for a new trial. Respondents filed a motion to strike relator's motion for new trial as premature, on the ground that there had been no trial on the merits. The trial court overruled relator's motion for new trial. The trial judge filed a memorandum in which the court stated that "By overruling Relator's Motion for Judgment on the Pleadings, the Court has declined to grant Relator's prayer that the proceedings of Respondents be nullified, thereby leaving such proceedings in force," and observed that it deemed its judgment as "final." The trial court denied respondents' motion to strike. Relator appealed to the Supreme Court from the judgment of October 4, 1955. The Supreme Court transferred the cause to this court.

We raise, sua sponte, the question whether the court of appeals has jurisdiction. We are of the view that the appeal is premature; that no final appealable judgment was rendered by the circuit court. The judgment adverse to appellant from which he has attempted to appeal is an order overruling his motion for judgment on the pleadings. An order overruling a motion for judgment on the pleadings is not a final judgment from which an appeal will lie. Leahy v. Mercantile Trust Co., 296 Mo. 561, 247 S.W. 396, keynote 2; Sternberg v. Levy, 159 Mo. 617, 60 S.W. 1114, 53 L.R.A. 438.

From the memorandum filed it is obvious that the trial court intended its order of October 4, 1955, to be a judgment on the merits sustaining the action of the administrative body, and intended its order to be a final judgment from which an appeal could be taken, but the order actually entered did not have that effect. The order of October 4, 1955, sustained the validity of the writ as against the motion to quash, thus leaving the certiorari proceedings intact and pending. It had the effect of requiring appellant to plead over or proceed to trial on the issues joined. Galvin v. Kansas City, 233 Mo.App. 531, 122 S.W.2d 379. In order to have accomplished the desired result it would have been necessary for the court to sustain respondents' motion to quash the writ of certiorari, overrule relator's motion for judgment on the pleadings, and enter a

---

1. All section references are to RSMo 1949, V.A.M.S. unless otherwise designated.

**58**

judgment quashing the writ. In that situation we could have ruled on the merits. State ex rel. Jones v. Smiley, 317 Mo. 1283, 300 S.W. 459. As it now stands the cause remains pending and ready for trial on the merits in the circuit court.

The Commissioner recommends that the appeal be dismissed as premature.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The appeal is, accordingly, dismissed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.