**ST. CHARLES COUNTY, Missouri,**
**Plaintiff-Appellant,**

v.

**John ROSS, et al.,**
**Plaintiffs-Respondents,**

v.

**HANDICAPPED FACILITIES BOARD OF ST. CHARLES COUNTY and Its Board of Directors, to-wit:**

**James Fitz, Henry Sachs, W. Sherman Timmons, Kathleen Wussler, Rev. Rudolph Allrich, Lawrence Beilsmith, John C. Boshert, Henry W. Clever, Ruth Huning, Wes Erwin, Richard E. Steinbrugge, St. Charles County, Defendants-Appellants.**

Nos. 50427, 50428.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 1986.

Rollin J. Moerschel, St. Charles, for plaintiff-appellant.

Rex M. Burlison, O'Fallon, for plaintiffs-respondents.

PUDLOWSKI, Presiding Judge.

Saint Charles County, Missouri and the Handicapped Facilities Board of Saint Charles County each appeal from a denial of their joint motion to dismiss, which was treated as a motion for summary judgment by the trial court. The appeals have been consolidated here. The order denying the motion to dismiss was designated by the trial judge, purportedly acting pursuant to Rule 81.06, as final and appealable. The appeal is dismissed.

Subsequent to this court's decision in *London v. Handicapped Facilities Board of Saint Charles County,* 637 S.W.2d 212 (Mo.App.1982), which involved the same group home, located in Westbrook Manor Subdivision in Saint Charles County, a group of residents of the subdivision, John Ross, et al., filed a petition to enjoin the Saint Charles County Handicapped Facilities Board from violating the portion of the Deed of Dedication and Restrictions of the

Westbrook Manor Subdivision which stated:

> No more than one family shall live in any residence, except that this covenant shall not prevent occupancy by domestic servants domiciled with the owner or tenant.

Following the filing of that petition, appellant, Saint Charles County Missouri filed a petition in Saint Charles County Circuit Court seeking to purge the above paragraph from the Deed of Dedications and Restrictions.

On June 7, 1985 the appellants joined together to file a motion to dismiss both the condemnation and injunction actions. The motion alleged two bases for the requested dismissals: 1) that the restrictive covenant was unconstitutional because it violated the provisions of the Fourteenth Amendment and 2) that the existence of such a restrictive covenant was contrary to public policy.

The trial court entered an order denying the motion as to both actions, and treating it as a motion for summary judgment. The order was then designated as final for purposes of appeal.

Rule 81.06, under which the trial court purportedly acted does allow a trial court, in its discretion, to designate as final for purposes of appeal certain orders which would not otherwise be considered final. The denial of a motion for summary judgment or of a motion to dismiss is not, however, an order that can be designated as final, even under Rule 81.06. Thus, the trial "court's designation of its order as final and appealable did not make it so." *Donnelly v. American Family Mutual Insurance Company*, 652 S.W.2d 744, 745 (Mo.App.1983). The denial of either a motion to dismiss or of a motion for summary judgment is simply not a final judgment and therefore this court has no jurisdiction over the appeal.

Appeal dismissed.

CRANDALL and KAROHL, JJ., concur.