

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, FAMILY SUPPORT DIVISION, | ) ) ) ) | No. ED101158 & ED101159 |
| Respondent, | ) ) | Appeal from the Circuit Court of the City of St. Louis |
| vs. | ) ) | |
| J & J INDUSTRIAL SUPPLY, INC., | ) ) | Hon. Paula P. Bryant |
| Appellant. | ) | FILED: March 31, 2015 |

## OPINION

J&J Industrial Supply appeals the trial court's judgments in favor of the Department of Social Services Family Support Division after J&J failed to comply with income withholding orders.[1] This appeal presents questions of first impression in Missouri as to whether a child support obligor should be joined as a party in an action against his employer for income withholding violations and whether the employer can challenge the evidence supporting the underlying order. We resolve both questions in the negative and affirm the trial court's judgments.

**Background**

J&J is a recycling services business in the City of St. Louis. Between 2006 and 2010, the Division served J&J with five orders to withhold income for child support owed by J&J

---

[1] The Division's five withholding orders are the subject of two circuit court cases (1322-FC01005 and 1322-FC01006), appealed as ED101158 and ED101159, and consolidated.

employee Charles White. White did not contest the orders. J&J remitted payment to the Division approximately monthly, combining White's and other employees' withholdings into one check to the Division. Neither J&J nor the Division contacted the other with questions or concerns regarding compliance. From 2006 to early 2013, J&J withheld and paid to the Division $18,856.96 out of $57,832.50 owed, leaving a deficit of $39,003.54.

In March 2013, the Division filed two petitions under §454.505 RSMo seeking recovery of the difference. J&J moved to join White as a necessary party, but the trial court denied the motion. At trial on both petitions, the Division adduced its internal records itemizing White's child support arrearages. The Division's witness, Mark Sheiper, explained how the Division issues and enforces withholding orders. He testified that payments are allocated according to federal guidelines and that, in over 21 years at the Division, he had seen distribution mistakes "extremely rarely." J&J's owner, Gerald McArthur, testified that he attempted to comply with the Division's orders but wasn't certain whether he succeeded or how the Division allocated his combined payments. He conceded that he never called the Division for verification or guidance as the orders invite employers to do. Although McArthur testified that White never asked him to withhold less than the amount ordered, White testified that he did ask McArthur not to withhold the full amount "because, if he had, I wouldn't be able to live."

The trial court found that J&J failed to comply with the Division's orders without legal justification or excuse and entered judgments for the Division and against J&J for a combined total of $39,003.54. The court also explained that White was not a necessary party because the action is based on J&J's failure to comply with the Division's orders under §454.505 and not on White's own liability for child support. Finally, the court noted that its judgments did not prejudice J&J's claim against White for unjust enrichment or other relief.

2

J&J appeals and asserts that the trial court erred by: (1) denying its motion to join White as a necessary party and (2) accepting the Division's statements of arrears as sufficient evidence.

**Standard of Review**

This court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. Banc 1976). Additional principles guiding our standard of review are set forth below as relevant to the issues.

**Discussion**

*Statutory Framework*

Section 454.505 creates the framework for employer wage withholding in satisfaction of an obligor-employee's child support obligation. The clear public policy objective reflected in the language and mechanics of §454.505 and its federal mandate (42 U.S.C. §666) is to ensure full and timely payment of financial support for the welfare of the obligor's children. *Cf*. Hamid v. Kansas City Club, 293 S.W.3d 123 (Mo. App. W.D. 2009) (public policy reflected in §454.505.10 encourages payment of child support). The statute creates the following procedures.

After a child support order is entered, the Division issues an income withholding order directing an employer to withhold a specific amount from an employee's wages. §454.505.1. The employee receives a copy of the order, which also advises that the employee has 30 days to contest the order based on mistakes of fact as to the identity of the obligor or the amount of the withholding (but not the amount of child support actually owed). §454.505.3. In an administrative hearing to contest the withholding on those limited grounds, certified copies of the underlying court order of child support and the Division's statement of arrearages constitute

3

*prima facie* evidence that the Division's withholding order is valid and enforceable. Id. An obligor-employee may not obtain relief from the withholding by paying the overdue support. Id.

Employers may combine multiple obligors' withholdings into one check to the Division with a corresponding itemization. §454.505.12. An employer's withholding obligation continues until the Division directs otherwise, even if the obligor-employee has fully paid his arrears. §454.505.6. Finally, as required by federal law mandating employer liability to the state for failure to withhold income as ordered,[2] §454.505.8 creates a statutory cause of action against employers for failure to comply with the Division's income withholding orders. It states:

> An employer or other payer who fails or refuses to withhold or pay the amounts as ordered pursuant to this section shall be liable to the party holding the support rights in an amount equal to the amount which became due the parent during the relevant period and which, pursuant to the order, should have been withheld and paid over. The director is hereby authorized to bring an action in circuit court to determine the liability of an employer or other payer for failure to withhold or pay the amounts as ordered. If a court finds that a violation has occurred, the court may fine the employer in an amount not to exceed five hundred dollars. The court may also enter a judgment against the employer for the amounts to be withheld or paid, court costs, and reasonable attorney's fees.

Here, the trial court rendered judgments for the amounts not withheld and paid ($39,003.54), but it did not impose the statutory penalty, court costs, or attorney fees.

*Joinder*

For its first point, J&J contends that the trial court erred by denying its motion to join White as a necessary party under Rule 52.04. As relevant here, the Rule states that "a person shall be joined in the action if … the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may … leave any of

---

[2] 42 U.S.C. §666(b)(6)(C) states: "The employer must be held liable to the State for any amount which such employer fails to withhold from income due an employee following receipt by such employer of proper notice under subparagraph (A), but such employer shall not be required to vary the normal pay and disbursement cycles in order to comply with this paragraph."

4

the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Rule 52.04(a)(2)(ii).[3] J&J argues that the court's refusal to join White as a party left J&J subject to a substantial obligation, also resulting in a windfall for White.

In support of its position, J&J cites <u>J.M.L. v. C.L.</u>, 536 S.W.2d 944 (Mo. App. 1976). In that paternity action between a mother and her paramour, the appellate court held that her husband - the presumptive father - should have been joined as a necessary party because he clearly had an "interest relating to the subject of the action," *i.e.*, the child. <u>Id.</u> at 946. J&J argues that White similarly had an interest in the subject of the action in that the underlying child support obligation and its beneficiaries (the children) were White's.

The Division counters that White isn't a necessary party because the Division's petition under §454.505 isn't based on White's liability for child support, like the father's interest in <u>J.M.L.</u>, but rather on J&J's independent statutory liability as an employer for failing to comply with the Division's income withholding orders. Thus, the Division explains, White has no direct interest or claim in this case and therefore is not a necessary party.

Indeed, the statute unambiguously imposes liability directly on employers as required by federal law (42 U.S.C. §666(b)(6)(C)) and does not contemplate obligor-employees as co-defendants. §454.505.8. An obligor's only possible role in a withholding case is, within 30 days of the Division's issuance of a withholding order, to contest the identity of the obligor or the

---

[3] The entirety of Rule 52.04(a) states as follows: A person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

5

amount of the withholding stated in the order in an administrative proceeding. §454.505.3. White didn't contest the orders here, and in any case J&J's liability under §454.505 is entirely its own. Moreover, contrary to its argument, J&J is not left subject to multiple inconsistent judgments as contemplated in the Rule 52.04(a)(2)(ii). Rather, J&J is subject to a single judgment, indemnification for which remains available in an action against White for unjust enrichment, as the trial court noted. The trial court did not err in denying J&J's motion to join White as a necessary party. Point I is denied.

*Evidence*

For its second point, J&J contends that the trial court erred by accepting the Division's arrearage statements as *prima facie* evidence supporting its case. Specifically, J&J complains that it had no opportunity to verify the accuracy of the Division's orders and was therefore deprived of due process. J&J continues that, even accepting the Division's evidence, J&J succeeded at refuting it, so the trial court's judgments were unsupported.

As the Division correctly notes, J&J didn't raise its constitutional due process challenge at trial, so the issue isn't preserved for appellate review. Mayes v. St. Luke's Hospital of Kansas City, 430 S.W.3d 260 (Mo. 2014). Even if it were, the challenge is unfounded on every level. J&J actually received the withholding orders, which contained thorough instructions and an invitation to contact the Division for additional guidance to ensure compliance. A court cannot look favorably upon an employer that does not read or comply with court orders. Dunahee v. Chenoa Welding & Fabrication, Inc., 273 S.W.3d 201 (Ill. App. 1995) (upholding $100/day employer penalty for failure to withhold). As previously observed, only White had standing to contest the accuracy of the orders in an administrative hearing pursuant to §454.475, and he didn't. J&J as garnishee has no standing to attack the validity of the Division's withholding

6

orders, derived from final, enforceable child support orders. J&J concedes as much in its brief. J&J's only role was to comply. By analogy, the Division refers to employer liability under §143.241 (income tax withholding) and garnishee liability under Chapter 525. Although the garnishee is a third party in relation to the underlying judgment, it nonetheless has a duty not to obstruct enforcement of the judgment. <u>Board of Regents for Southwest Missouri State University v. Harriman</u>, 857 S.W.2d 445, 451 (Mo. App. S.D. 1993). The duty of the garnishee is to stand neutral and abide by the court's judgment. <u>Id</u>. Due process requires notice and an opportunity to be heard. <u>State ex rel. Nixon v. Peterson</u>, 253 S.W.3d 77, 82 (Mo. 2008). J&J received due process in the present action in that it received notice of the Division's petitions under §454.505.8 and an opportunity to be heard in the circuit court, where the Division adduced its records (admissible under §454.539) establishing that J&J had neglected to withhold and pay the amounts required.

Getting to the preserved point, J&J asserts that, even accepting the Division's evidence for its *prima facie* case, J&J successfully rebutted that evidence such that the trial court's judgment is not supported by the record. This argument falls to our standard of review. The appellate court doesn't re-evaluate the evidence; we defer to the trial court on factual issues, view the evidence in a light most favorable to the judgment, and disregard evidence to the contrary. <u>Sauvain v. Acceptance Indem. Ins. Co.</u>, 437 S.W.3d 296, 303 (Mo. App. W.D. 2014). J&J's only rebuttal evidence was Sheiper's cross-examination testimony that mistakes are possible (but extremely rare) and White's testimony that his tax refunds had been intercepted by the state. J&J could not establish an actual mistake in the calculation of White's arrearages; and even if it had, such evidence is still irrelevant to J&J's withholding liability, which is distinct and essentially strict. The statute is clear that an employer *must* withhold the precise amounts stated

7

in the withholding order *regardless* of other payments by the obligor. See §454.505.3 ("The obligor may not obtain relief from the withholding by paying the overdue support. The employer… *shall* withhold … the amount specified in the order…") and §454.505.6 ("An order … shall be … binding upon any employer … until further order of the director. … No order to withhold shall be terminated solely because the obligor has fully paid arrearages.").

Thus, relevant rebuttal evidence would be of the sort tending to prove that an employer did fully comply with the Division's withholding orders (*e.g.*, payment records specifying correct amounts). On that question, McArthur conceded that he combined payments without itemizing, didn't know whether he successfully complied with multiple withholding orders, and never contacted the Division for confirmation. Although McArthur claimed ignorance in that the Division never advised him of his errors before filing its petitions, the statute imposes no such burden on the Division. See Dunahee, 273 Ill. App. 3d at 209 (reasoning that such a burden should not be placed on the agency when the employer has the means to verify its own compliance).

On the whole record, the trial court's finding that J&J failed to comply with the Division's orders is supported by substantial evidence and is not against the weight of the evidence. Point II is denied.

### Conclusion

The trial court's judgments are affirmed.

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P.J., concurs.
Lisa Van Amburg, J., concurs.

8