

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102395 |
| DEPARTMENT OF SOCIAL SERVICES, | ) | |
| FAMILY SUPPORT DIVISION, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| | ) | 14SL-DR02702 |
| | ) | |
| CENTREC CARE, INC., | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| Appellant. | ) | FILED: October 20, 2015 |

OPINION

Centrec Care, Inc. (Centrec) appeals from the judgment entered in favor of the State of

Missouri Department of Social Services Family Support Division (State) on its Verified Petition

to Enforce Child Support Withholding Order pursuant to Section 454.505, RSMo 2000.[1] We

affirm as modified.

Factual and Procedural Background

Jason Molenhour (Molenhour) was an employee at Centrec. On February 6, 2012, the

Director of the Family Support Division (Division) issued an income withholding order directing

Centrec to withhold $309.00 per month from Molenhour's earnings for payment of child support.

On February 6, 2014, the Director issued a second order directing Centrec to withhold $100.00

---

[1] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

per month from Molenhour's earnings for child support arrearage. A total obligation of $7,907.00 accumulated under the two separate orders. Even though Centrec was notified and aware of both orders, it failed to withhold the required amounts from Molenhour's earnings. Consequently, on April 25, 2014, the Division filed a Verified Petition to Enforce Child Support Withholding Order; Centrec did not file an answer.

On September 29, 2014, the trial court held a hearing on the Division's petition. Centrec argued at the hearing that Molenhour only owed $4,560.00, and consequently that its liability was limited to that amount. However, certified copies of the support calculation summary that were introduced into evidence by the Division showed Molenhour's support obligation, on the date of the hearing, was $9,710.00. The trial court entered its judgment ordering Centrec to pay a fine of $500.00 for failure to withhold under each of the two orders, for a total of $1,000.00, and entered judgment against Centrec for $7,407.00 "for the sum that was ordered to be withheld and was not withheld." This amount appears to be a typographical error, since the total amount actually due under the orders was $7,907.00 and the language of the judgment clearly demonstrates that the trial court intended for Centrec to pay the full amount it was ordered to withhold.[2] This appeal follows.

## Standard of Review

This court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Missouri Department of Social Services, Family Support Division v. J & J Industrial Supply, Inc., 459 S.W.3d 478, 480 (Mo. App. E.D. 2015); Murphy v. Carron, 536 S.W.2d 30, 32 (Mo.

---

[2] Our court may correct this error without remand, where, as here, the record leaves no doubt as to the trial court's intention. Rule 84.14.

banc 1976). Additional principles guiding our standard of review are set forth below as relevant to the issues on appeal.

## Discussion

Centrec raises two points on appeal that are interrelated. For ease of discussion, we address them together. In its first point, Centrec argues the trial court erred in ordering payment in the amount of $1,000.00 in fines because Section 454.505 only allows an award of $500. In its second point, Centrec argues the trial court erred in ordering payment of $7,907.00 because this amount was in excess of what was actually owed in child support payments.

Section 454.505.8 provides in pertinent part:

> ….An employer or other payer who fails or refuses to withhold or pay the amounts as ordered pursuant to this section shall be liable to the party holding the support rights in an amount equal to the amount which became due the parent during the relevant period and which, pursuant to the order, should have been withheld and paid over. The director is hereby authorized to bring an action in circuit court to determine the liability of an employer or other payer for failure to withhold or pay the amounts as ordered. If a court finds that *a violation* has occurred, the court may fine the employer in an amount not to exceed five hundred dollars. The court may also enter a judgment against the employer for the amounts to be withheld or paid, court costs and reasonable attorney's fees.

[Emphasis added.] In determining the application of Section 454.505.8, we first turn to the statutory language. "The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." State ex rel. Burns v. Whittington, 219 S.W.3d 224, 225 (Mo. banc 2007). We must presume "[e]very word, sentence or clause in a statute" has effect. Wehrenberg, Inc. v. Dir. of Revenue, 352 S.W.3d 366, 367 (Mo. banc 2011). "Absent a statutory definition, words used in statutes are given their plain and ordinary meaning with help, as needed, from the dictionary." Balloons Over the Rainbow, Inc. v. Dir. of Revenue, 427 S.W.3d 815, 825 (Mo. banc 2014). Here, the plain language of Section 454.505.8 shows that its intent is to enforce compliance with the Director's orders and assess a penalty against

3

employers who fail to withhold or pay as ordered.[3]  Centrec admits that there were two separate orders and the plain and ordinary meaning of Section 454.505.8 is that "a violation" means a failure to comply with one order.  As such, Centrec's failure to comply with the two orders warranted the trial court assessing a $500.00 fine for each violation.  Point I is denied.

With respect to Centrec's second point, the trial court properly found that Centrec was liable for the sums due under the two income withholding orders.  Again, looking at the plain language of Section 454.505.8, the trial court was authorized to enter judgment against Centrec for the amount that "should have been withheld and paid over."  While Centrec alleges it owed only $4,560.00 in child support, based on a bill from the Family Support Payment Center that was admitted into evidence as Exhibit A, the Division's certified records, show that this was a partial bill for child support and not a bill for Molenhour's total arrears.  Exhibit 6, which was offered by the Division and admitted into evidence without objection, showed that Molenhour's actual arrears totaled $9,710.00, not $4,560.00.  Based on this unrebutted evidence, the trial court properly found Centrec liable for $7,907.00, the sums due and owing under the income withholding orders.  Point II is denied.

---

[3]  The trial court's judgment assessing a separate penalty for Centrec's failure to comply with each order is supported by other provisions within Section 454.505.  For example, Section 454.505.3. provides, in pertinent part:

> *An order* entered pursuant to this section shall be served on the employer or other payor either by regular mail or by certified mail, return receipt requested . . . and shall be binding on the employer or other payor two weeks after mailing or electronic issuance of such service.  [Emphasis added.]

Also, Section 454.505.6. provides:

> *An order* issued pursuant to subsection 1 of this section shall be a continuing order and shall remain in effect and be binding on any employer or other payor upon whom it is directed until a further order of the director…. [Emphasis added.]

4

Conclusion

We affirm, with correction of the clerical error noted in the judgment, for $7,907.00.


_____
Mary K. Hoff, Judge


Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.

5