

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI, DEPARTMENT )
OF SOCIAL SERVICES, FAMILY )
SUPPORT DIVISION, )
                     )
           Appellant, )
                     )
v. )       WD79244
                     )
RANDY JAY SWANK, D/B/A )       Opinion filed: October 25, 2016
R. SWANK FARMS, )
                     )
           Respondent. )

**APPEAL FROM THE CIRCUIT COURT OF GRUNDY COUNTY, MISSOURI**
**THE HONORABLE STEVEN D. HUDSON, JUDGE**

Before Division One: Thomas H. Newton, Presiding Judge,
Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge

The Missouri Department of Social Services, Family Support Division ("Division"), appeals the circuit court's entry of judgment in favor of Randy Swank d/b/a R. Swank Farms ("Swank"). The Division's sole point on appeal is that the trial court erred in denying its Petition to Enforce Child Support Withholding Order, arguing that Swank was strictly liable for his failure to comply with the income withholding order issued pursuant to section 454.505.8, RSMo 2003. This court agrees, reverses the judgment of the trial court, and remands for entry of judgment against Swank in the remaining amount that should have been withheld and such further relief as authorized by section 454.505.8.

# I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

In December 2012, the Division issued an income withholding order to Swank, who was the employer of Michael Silkwood ("Silkwood"), for Silkwood's current child support obligation and arrears. Swank received the order and began to withhold from Silkwood's paychecks. The Division received payments pursuant to the order from Swank during January and February 2013. Swank then received a document from Silkwood, allegedly written by the child support obligee and signed by both the obligee and Silkwood, which stated in relevant part as follows:

> I[,] Melissa Johnson[,] mother of [B.S.,] give her father[,] Michael Silkwood[,] primary custody of [B.S.]. . . I furthermore relic wish [sic] him from all child support payments[,] future and arrears[,] due me[] as of this the 6th day of September 2010. By signing below[,] Michael and myself are in agreement to these terms stated above.

Swank provided the document to an employee of his accountant and thereafter income was no longer withheld from Silkwood's paycheck.  The order received by Swank from the Division included the following instructions:

> If you have any doubts about the validity of this [order], contact the sender. If you fail to withhold income from the employee/obligor's income as the [order] directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/procedure.

There is no evidence in the record on appeal, however, that Swank contacted the Division regarding the veracity of the document provided by Silkwood or its effect on the validity of the order.

Because Swank did not withhold and remit the income as ordered, the Division filed a Petition to Enforce Child Support Withholding Order. Swank was the employer of Silkwood at all relevant times from December 2012 to July 2013 and added Silkwood to this action as a third party defendant. Silkwood, however, did not appear or participate in the proceedings. Finding that Swank "did not willfully fail or refuse to comply with the withholding directives and in good faith,

2

after appropriate consultation with his professional accountant, abandoned his planned withholding," the circuit court entered judgment in favor of Swank. We reverse and remand.

## II.     STANDARD OF REVIEW

The trial court's judgment will be affirmed "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *State Dep't of Social Services, Family Support Division v. Centrec Care, Inc.*, 472 S.W.3d 648, 649 (Mo. App. E.D. 2015) (citing *Missouri Dep't of Social Services, Family Support Division v. J & J Indus. Supply, Inc.*, 459 S.W.3d 478, 480 (Mo. App. E.D. 2015); *Murphy v. Carron*, 536 S.W.3d 30, 32 (Mo. banc 1976)).

## III.     DISCUSSION

In its sole point on appeal, the Division argues that the trial court erred in denying the Division's Petition to Enforce Child Support Withholding Order, because the employer was strictly liable for failing to comply with the income withholding order under section 454.505.8 in that the employer received the income withholding order but failed to withhold from his employee and remit the amounts as ordered. Because it is undisputed that the employer received the order and failed to remit the amounts, the issue before this court becomes whether an employer, ordered by the Division to withhold income for child support, is excused from complying with the order based on information received from the employee/child support obligor that purports to challenge or terminate the underlying order. We hold that receipt of such information from the employee/child support obligor contradicting an income withholding order does not release the employer from complying with the order and that such employer will be held strictly liable for the failure or refusal to withhold the income as ordered by the Division. Point granted.

An employer *must* withhold the amount specified in an order received from the Division. *See* §§ 454.505.3; 454.505.6. The duty of the employer is to stand neutral and abide by the Division's income withholding order. *See J & J Indus.*, 459 S.W.3d at 483 (citation omitted) ("[The employer] as garnishee has no standing to attack the validity of the Division's withholding orders, derived from final, enforceable child support orders."). In addition, federal law provides, "The employer must be held liable to the State for any amount which such employer fails to withhold from income due an employee following receipt by such employer of proper notice[.]" 42 U.S.C. § 666(b)(6)(C). And, as mandated by federal law, "§ 454.505.8 creates a statutory cause of action against employers for failure to comply with the Division's income withholding orders." *J & J Indus.*, 459 S.W.3d at 481. Section 454.505.8 provides in relevant part:

> . . . An employer . . . who fails or refuses to withhold or pay the amounts as ordered pursuant to this section shall be liable to the party holding the support rights in an amount equal to the amount which became due the parent during the relevant period and which, pursuant to the order, should have been withheld and paid over. The director is . . . authorized to bring an action in circuit court to determine the liability of an employer . . . for failure to withhold or pay the amounts as ordered. If a court finds that a violation has occurred, the court may . . . enter judgment against the employer[.]

The Division's petition under section 454.505 is based on the employer's independent statutory liability for failing to comply with the Division's income withholding orders. *J & J Indus.*, 459 S.W.3d at 482. Although section 454.505.8 states that "the court *may* . . . enter judgment against the employer," (emphasis added), the employer's liability is essentially strict, *J & J Indus.*, 459 S.W.3d at 483. In further support of the conclusion that the employer must withhold the amounts as ordered and liability is strict, section 454.505.8 contains a hold harmless provision that provides: "No employer or other payer who complies with an order entered pursuant to this section shall be liable to the parent, or to any person claiming rights derived from the parent, for wrongful withholding." Moreover, consistent with federal law and section 454.505.8, the order warns the

4

employer, "If you fail to withhold income from the employee/obligor's income as the [order] directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/procedure."

Here, Swank failed or refused to comply with the order and is thus liable to the Division. Contrary to the findings of the trial court, Swank's explanation for not withholding and remitting the amounts required under the income withholding order is irrelevant. Swank did not contact the Division regarding the validity of the order as instructed, and the order itself warned that he would be liable for the amount that he should have withheld and any penalties set by law if he failed to withhold income as directed. Under section 454.505, Swank was required to withhold and remit the amount specified in the order issued by the Division. *See* §§ 454.505.3; 454.505.6. Further, even where there is question as to the validity of an order, only the employee has standing to contest the order. *See* § 454.505.3; *J & J Indus.*, 459 S.W.3d at 481.

This court is aware that, based on the outcome in this case, Swank now must pay the amount owed to the Division from his own resources rather than by withholding and paying the amounts owed from Silkwood's income. In reaching our decision, we are mindful that a court cannot look favorably upon an employer that does not read or comply with court or administrative orders, and "[t]he clear public policy objective reflected in the language and mechanics of § 454.505 and its federal mandate (42 U.S.C. §666) is to ensure full and timely payment of financial support for the welfare of the [employee's] children." *See J & J Indus.*, 459 S.W.3d at 480, 482-83. As Swank is undoubtedly aware given his third-party proceeding against Silkwood, his recourse is to seek indemnification through an action against Silkwood for unjust enrichment. *See id.* at 482.

5

## IV.    CONCLUSION

This court holds that an employer who receives an order from the Division to withhold income for child support but fails or refuses to withhold the same is strictly liable to the Division for its failure to withhold the employee's income, even where the employee has provided the employer information challenging the underlying order. Because the trial court erroneously applied the law by not imposing liability on Swank for failing or refusing to withhold the child support amounts from Silkwood's income as ordered by the Division, we reverse the judgment of the trial court and remand for entry of judgment against Swank in the remaining amount that should have been withheld and remitted pursuant to the income withholding order and such further relief authorized by section 454.505.8 and deemed appropriate by the trial court.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

6